# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1974V
(not to be published)

| | |
|---|---|
| CHRISTINA LEPRE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 24, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks |

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEY'S FEES AND COSTS**[1]

On December 30, 2019, Christina Lepre filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she "suffered a left shoulder impingement and a mild partial rotator cuff tear with tendinopathy of the supraspinatus, which was 'caused in fact' by her receipt of the" trivalent influenza ("flu") vaccine on March 5, 2018. Petition at 1, ¶ 1. On March 31, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 48.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 20, 2022 (ECF No. 54), requesting a total award of $21,855.99 (representing $21,196.50 in fees and $659.49 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 54-3. Respondent reacted to the motion on December 21, 2022, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 44. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner is requesting the rate of $485 per hour for all time billed between the years 2018-22 by attorney James Merrigan. ECF No. 54-1 at 2-9. In addition, Petitioner requests the following rates for the additional attorneys that worked on this matter: C. Fletcher at the rate of $225 for time billed in 2018; for attorney Nicole Avitable, the rate of $225 for time billed in 2020; and paralegal rates of $165 for 2019-20 and $185 for 2021-22. *Id*. I find reductions of the requested rates appropriate.

i. James Merrigan

Mr. Merrigan has previously been awarded $390 per hour for 2019; $415 per hour in 2020; $430 per hour for 2021; and $440 per hour for 2020. *See Sexton v. Sec'y of Health & Hum. Servs.,* No. 19-1919V, 2022 WL 1863925 (Fed. Cl. Spec. Mstr. Apr. 14, 2022). I find the reasoning behind those rates from *Sexton* persuasive, and will apply them here as well. *Sexton* did not establish an hourly rate for Mr. Merrigan for 2018, but (extrapolating from the 2019 rate), I find the rate of $375 to be appropriate. Application of these rates results in a reduction of **$2,018.00**.[3]

ii. Associate Attorneys

The requested rates for attorneys Mr. Fletcher and Ms. Avitable are reasonable and consistent with what has previously been awarded, and I find no reason to reduce these rates and award them herein.

iii. Paralegal

The requested rates for work performed by paralegals exceeds the Vaccine Program's published range for paralegals from 2018-22.[4] I will therefore reduce rates for

---

[3] This amount is calculated as follows: ($485 - $375 = $110 x 1.7 hrs = $187) + ($485 - $390 = $95 x 5 hrs = $475) + ($485 - $415 = $70 x 4.7 hrs = $329) + ($485 - $430 = $55 x 10hrs = $550) + ($485 - $440 = $45 x 10.6 hrs = $477) = $2,018.00.

[4] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

paralegals to the following: $156 for 2019; $163 for 2020; $172 for 2021; and $177 for 2022. This reduces the fees to be awarded by an additional **$83.90**.[5]

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Four hours were billed on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. A few non-exhaustive examples of these entries include:

- June 5, 2018 (0.20 hrs) "Sent records request to East Boston NHC for dates of service: 3/15/15 – present";

- August 14, 2018 (0.30 hrs) "Sent records and bills request to CDI Dedham and Harvard Vanguard – All locations";

- December 30, 2019 (0.50 hrs) "I [James Merrigan] filed the petition";

- September 1, 2022 (0.10 hrs) "I emailed client to f/u re order 9 statement"; and

- November 14, 2022 (0.80 hrs) "I ran a locate search for possible new address on client. I sent a letter via regular mail to potential new address with order 9 statement again."

ECF No. 54-1 at 3,4, 5 and 9.

---

[5] This amount consists of: ($165 - $156 = $9 x 4.5 hrs = $40.50) + ($165 - $163 = $2 x 2.3 hrs = $4.60) + ($185 - $172 = $13 x 2.8 hrs = $36.40) + ($185 - $177 = $8 x 0.30 hrs = $2.40) = $83.90.

I shall reduce the rates for these tasks to the following: $153 per hour for tasks billed in 2018; $156 per hour for tasks billed in 2019; $163 per hour for tasks billed in 2020; $172 for 2021; and $177 for 2022. These rates are comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$504.70**.[6]

## ATTORNEY COSTS

Counsel states in Petitioner's motion that "The attorneys costs, notwithstanding those which he is unable to produce, total $659.49." ECF No. 54 at 1. But no substantiation was offered for the requested costs (and it does not even appear the figure in the Motion itself is consistent with total costs listed as incurred). *See* ECF No. 54-2 (itemization of attorney's costs). Accordingly, because the requested costs have not been sufficiently established, I cannot award them.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$18,589.90** (representing $18,278.40 in fees and $0.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                          **s/Brian H. Corcoran**
                          Brian H. Corcoran
                          Chief Special Master

---

[6] This amount consists of: ($440 - $177 = $263 x 1.7 hrs = $447.10) + ($225 - $153 = $72 x 0.80 hrs = $57.60) = $504.70.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5